JOHN L. MONTGOMERY et ux., Complainants-Appellees,

*v.*

LEON C. HOSKINS et ux., Defendants-Appellants.

432 S.W.2d 654.

(*Knoxville*, September Term, 1968.)

Opinion filed October 11, 1968.

O'NEIL, JARVIS, PARKER & WILLIAMSON, Knoxville, for complainants-appellees.

AMBROSE, WILSON, THOMAS & LOCKRIDGE, Knoxville, for defendants-appellants.

46

Mr. Justice Humphreys, delivered the opinion of the Court.

We brought this case here to consider whether counsel for a defendant in a partition suit, where the property is sold for partition, is entitled under T.C.A. sec. 23-2125 to have his fee paid out of the common fund.

In a suit to partition property belonging equally to complainants and defendants, without reference to any conducive facts, the chancellor awarded fees to complainant's counsel in the amount of $1,500.00, to the exclusion of defense counsel, but ordered that $750.00 of this award would be retained in court to pay defense counsel should they prevail on appeal in their insistence that they were entitled to be paid a fee. The Court of Appeals, construing T.C.A. sec. 23-2125 as vesting the chancellor with the discretion to award either counsel a fee, found there had been an exercise of such discretion and concurred therein. In a concurring opinion Avery, J., construed the argument of both sides as stating the rule in Knox County to be, that the fees went to the attorney who brought the suit.

T.C.A. sec. 23-2125 does not contemplate that fees will be paid attorneys in partition suits on the basis of the winner in the race to the courthouse. The statute requires that the court shall, when in its discretion it orders fees paid from the common fund, pay the fees of the attorneys of both parties unless there is some strong reason this should not be done.

T.C.A. sec. 23-2125 provides:

"Attorneys' fees.—The court may, in its discretion, order the fees of the attorneys for the complainant and defendant to be paid out of the common fund, where the property is sold for partition, and taxed as cost in cases where the property is partitioned in kind."

Since unambiguous statutes must be construed to mean what they say, there is no room for argument here. The statute authorizes the chancellor to make a judicial determination, in the first instance, whether or not fees for the attorneys of the parties shall be paid out of the common fund, where property is sold for taxation. Having made the determination that the common fund should bear the expense of fees, it is then the duty of the court to fix fees for the attorneys of both parties in accordance with those general principles judicially applied in the determination of reasonable attorneys fees. There is nothing in the statute to warrant paying the fees for counsel for one party from the common fund and cutting out counsel for another party. This can only be done where the services have been of no value to any party, having in mind the object of the suit and the parties' rights and interests therein. Due respect must be given the statute language which speaks of fees for the "attorneys for complainant and defendant". If there had been

any intention to vest an unlimited discretion in the court to exclude one party's counsel from payment from the common fund, the provision would have been in the alternative. The discretion awarded the court by the language of the statute is whether to pay any fees at all from the common fund, and the clear meaning of the language used is that once this determination has been made, then such fees as attorneys for complainant *and* defendant are entitled to receive must be paid from the common fund.

This construction is not only indicated by the wording of the statute but because the result is fair and just. Partition suits are adversary proceedings in which a defendant's rights are entitled to be represented and defended, just as much as the complainant's. So that the attorney who represents one party is as much entitled to a fee fixed on the basis of those principles applying generally to the fixing of fees as the attorney for another party.

The conclusions here reached are consistent with *Scott v. Marley,* 124 Tenn. 388, 137 S.W. 492. Although cooperation between counsel in bringing about a sale of property for partition is mentioned in that case as a benefit to the parties warranting payment of fees to both parties' counsel from the general fund, we do not think this case can be read or should be read as warranting the disallowance of fees to a defendant's counsel simply for lack of cooperation in bringing about a sale. A party who owns an interest in land has the right to resist its sale for partition. He may think it can more advantageously be partitioned in kind. So, when for any valid reason a party advances his views to protect his interest, the later rejection of this contention by the court should not de-

prive him of having the general fund charged with a reasonable fee consistent with the interest of such party in the property.

To sum it all up, a partition suit, like any other suit, has sides, and if counsel for one side is to be paid from the common fund then counsel for the other side should be so paid. This is what the statute provides.

We find that defendants owned one-half of the property; they had to have counsel to represent their interest in the property; that the counsel they employed did this; that it being determined fees were to be paid from the common fund, payment should have been made to defense counsel for these services; which we find were reasonably worth $500.00.

Accordingly, the clerk and master will pay $500.00 of the $750.00 retained to defendant's counsel of record, and the balance to complainant's record counsel. The common fund being exhausted the costs will be paid by the complainants and defendants equally.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.