# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs January 31, 2011

## IN RE ESTATE OF ANNA SUE DUNLAP, Deceased, RICHARD GOSSUM, ADMINISTRATOR CTA

**An Interlocutory Appeal from the Chancery Court for Gibson County (Trenton)**
**No. 16727-P     George R. Ellis, Chancellor**

_____

**No. W2010-01516-COA-R9-CV - Filed April 29, 2011**

_____

This appeal addresses an award of attorney fees to the attorney for a decedent's estate for services rendered on appeal. The appellant administrator of the estate is also the estate's attorney. The administrator/attorney's final accounting was approved by the trial court, and two of the estate's beneficiaries appealed. The appellate court affirmed the trial court's approval of the final accounting. On remand, the administrator/attorney filed a motion for the approval of all attorney fees incurred in the administration of the estate, including attorney fees for services rendered in the first appeal. The trial court declined to approve the attorney fees incurred on appeal, holding that such fees may be awarded in the first instance only by the appellate court. The administrator/attorney now appeals. We reverse, concluding that attorney fees for the administrator/attorney's services rendered on appeal constitute an administrative expense of the estate, and so the request for such fees must be made in the first instance in the trial court.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the**
**Chancery Court is Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Richard Gossum, Trenton, Tennessee, representing himself in his capacity as the Appellant, Richard Gossum, Administrator of the Estate of Anna Sue Dunlap

James S. Haywood, Jr., Brownsville, Tennessee, for the Appellees, Warner Dunlap, Jr., and Dr. Mary Dunlap Wells

# OPINION

## FACTS AND PROCEEDINGS BELOW [1]

After her death, an estate was opened for the decedent, Anna Sue Dunlap ("Mrs. Dunlap"). Initially, the trial court appointed her two sons as co-administrators.[2] ***See In re Estate of Anna Sue Dunlap***, No. W2009-00794-COA-R3-CV, 2010 WL 681352, at *1 (Tenn. Ct. App. Feb. 26, 2010). Unfortunately, the two brothers were unable to peaceably complete their duties. Consequently, in September 2007, about four years after the estate was opened, the two brothers were removed as co-administrators of Mrs. Dunlap's estate. The trial court then appointed Appellant Richard Gossum ("Mr. Gossum"), an attorney, as the independent successor administrator of the estate. In that position, Mr. Gossum prepared a transitional accounting for the estate with the information that the former co-administrators supplied to him in order to settle the accounts of the co-administrators and to provide a starting point for his final accounting for the estate. ***Id.***

In October 2008, Mr. Gossum served his final accounting on two beneficiaries of the estate, Warner Dunlap, Jr., and Dr. Mary Dunlap Wells (collectively "Appellees").[3] The Appellees objected to the final accounting and moved for a continuance to obtain additional evidence. The trial court denied the motion for a continuance and approved Mr. Gossum's final accounting. ***Id.*** It then denied the Appellees' motion to amend and ordered the estate closed. The Appellees appealed to this Court. On February 16, 2010, this Court entered an order affirming the trial court's decision in all respects and assessing costs to Warner Dunlap, Jr., and Dr. Mary Dunlap Wells as the appellants in the first appeal. ***Id.*** at *5. The case was remanded to the trial court.

On March 18, 2010, on remand, Mr. Gossum filed a motion in the trial court for the approval of his attorney fees for all services rendered to the estate, including the services provided in the first appeal, a total amount of $12,373.72. On April 16, 2010, the trial court conducted a hearing on Mr. Gossum's motion. On May 17, 2010, the trial court entered an order approving all of the attorney fees requested by Mr. Gossum except for the fees attributable

---

[1]Our recitation of the facts are taken in part from our Opinion in the first appeal in this case. ***See In re Estate of Anna Sue Dunlap***, No. W2009-00794-COA-R3-CV, 2010 WL 681352 (Tenn. Ct. App. Feb. 26, 2010).

[2]Mrs. Dunlap apparently left a last will and testament, but the appellate record reveals no details related to this.

[3]The Appellees became beneficiaries of Mrs. Dunlap's will after her son, Walter Dunlap, Sr., disclaimed his interest in Mrs. Dunlap's estate. It is unclear from the record on appeal whether there were other beneficiaries in addition to Appellees Walter Dunlap, Jr., and Dr. Mary Dunlap Wells.

to his services rendered in the first appeal. As to the services in the first appeal, the trial court declined to approve them on the basis that "only the Court of Appeals can set fees for services rendered in that Court." Mr. Gossum was thereafter granted permission under Rule 9 of the Tennessee Rules of Appellate Procedure for this interlocutory appeal.

## ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Gossum argues that the trial court erred in concluding that only the appellate court can award fees for his services rendered in the first appeal. This issue is a question of law, which we review *de novo*, with no presumption of correctness in the trial court's decision. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## ANALYSIS

Mr. Gossum argues that the trial court had authority to approve his request for attorney fees for the first appeal. In support, he cites *Chaille v. Warren*, 689 S.W.2d 173 (Tenn. Ct. App. 1985). The *Chaille* case involved a will contest by several heirs of the decedent's estate that lasted some four years.[4] At some point during the controversy, the trial court ordered the sale of real property that was the subject of the decedent's will.[5] After the sale, the trial court awarded attorney fees to both the plaintiffs' counsel and defendants' counsel. The attorney fees were to be paid from the proceeds of the sale of the real property pursuant to Tennessee Code Annotated § 29-27-121, which permits the trial court to "order the fees of the attorneys for the complainant and defendant to be paid out of the common fund, where the property is sold for partition . . . ."[6] *Chaille*, 689 S.W.3d at 176-77. Some of the beneficiaries appealed. On appeal, the appellate court reversed the trial court's interpretation of the will and remanded for further proceedings. The defendant appellants requested attorney fees on appeal. The appellate court declined to make such an award, stating that the request for attorney fees was a matter to be decided by the trial court on remand. *Id.* at 177. On remand, both the plaintiffs and the defendants asked the trial court to award them attorney fees incurred in the first appeal pursuant to Section 29-27-121. The trial court granted the request

---

[4]We delve into the complicated facts involved in *Chaille* only to the extent necessary to explain Mr. Gossum's argument on appeal. *See Chaille v. Warren*, 689 S.W.2d 173, 175-77 (Tenn. Ct. App. 1985).

[5]The property was actually sold in two parts. *Chaille*, 689 S.W.2d at 176-77.

[6]That statute provides in full: "The court may, in its discretion, order the fees of the attorneys for the complainant and defendant to be paid out of the common fund, where the property is sold for partition, and taxed as cost in cases where the property is partitioned in kind." T.C.A. § 29-27-121 (2000).

and awarded attorney fees to the plaintiffs and to the defendants for fees incurred in the first appeal. *Id.* at 178.

The defendants in *Chaille* appealed the award of appellate attorney fees to the plaintiffs, arguing that the plaintiffs were not entitled to the award because they did not first request such fees in the appellate proceedings. The appellate court rejected this argument and held that the trial court was, indeed, the proper tribunal to award such fees. The appellate court stated, "It would have been premature to request these fees prior to the appeal." It went on to say that "the only proper time to request fees for legal services performed on appeal would be on the remand of the case." *Id.* at 178 (citing *Folk v. Folk*, 357 S.W.2d 828, 828-29 (Tenn. 1962)). In another part of the opinion, the *Chaille* court reiterated that "the proper time and place to request attorneys fees for services performed on appeal is on remand in the trial court." *Id.* It noted that, under Tennessee Code Annotated § 29–27–121, the trial court "had the jurisdiction to make proper awards of attorneys fees from the proceeds of the sale of Mr. Warren's property."[7] *Id.* In the instant appeal, Mr. Gossum notes that *Chaille* is cited in *Pritchard on Wills and Administration of Estates* for the proposition that "[t]he proper time and place to request attorney's fees for services performed on appeal is on remand to the trial court." *See* 2 JACK W. ROBINSON, SR., ET AL., PRITCHARD ON WILLS AND ADMINISTRATION OF ESTATES § 864 (7th ed. 2009).

In response, the Appellees claim that the matter is governed by *Killingsworth v. Ted Russell Ford*, No. E2004-02597-COA-R3-CV, 2006 WL 26355 (Tenn. Ct. App. Jan. 5, 2006), *aff'd*, 205 S.W.3d 406 (Tenn. 2006). In *Killingsworth*, the plaintiffs purchased a previously-unowned vehicle. They then sued the defendant sellers under the Tennessee Consumer Protection Act ("TCPA"), alleging that the seller failed to advise them about damage sustained by the vehicle prior to the sale. After a trial, the plaintiffs prevailed on the merits and received an award of damages. The trial court also awarded the plaintiffs attorney fees pursuant to Tennessee Code Annotated § 47-18-109(a)(1), which permits a trial court to award "reasonable attorney's fees and costs" to a person who prevails on a TCPA claim. *See* T.C.A. § 47-18-109(e)(1) (2001).[8] The defendant appealed the attorney fee award, and the appellate court remanded the case for further factual findings related to the fee award. *Killingsworth*, 205 S.W.3d at 407 (citing *Killingsworth*, 104 S.W.3d 530, 537 (Tenn. Ct. App. 2002)).

---

[7]Counsel for defendants also requested attorney fees incurred in the second appeal. This request was denied because "the trial court is the proper forum for the determination of whether attorneys fees should be awarded and their amount." *Chaille*, 689 S.W.2d at 180.

[8]That statute provides: "Upon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs." T.C.A. § 47-18-109(e)(1).

On remand, the plaintiffs in **Killingsworth** re-submitted their request for attorney fees, this time including the attorney fees attributable to the first appeal. The trial court awarded the plaintiffs a portion of the appellate attorney fees requested. The defendant appealed the award of appellate attorney fees, arguing alternatively that such fees were either not covered in the TCPA or that these plaintiffs could not recover such fees because they did not first request the fees in the appellate proceedings. *Id.* at 407-08. The intermediate appellate court held that appellate attorney fees were recoverable under the TCPA, but also held that a request for such fees must first be made to the appellate court. Because such a request was not made, the intermediate appellate court held that the plaintiff could not recover the fees. *Id.* at 408. The plaintiffs appealed to the Tennessee Supreme Court.

On appeal, the Supreme Court affirmed the holding of the intermediate appellate court. It agreed that appellate fees are recoverable under the TCPA, Tennessee Code Annotated § 47-18-109(e)(1). It further held, however, that the first request for such fees must be made in the appellate proceedings. *Id.* at 409-411. The plaintiffs argued that, under the holding in **Chaille**, attorney fees incurred on appeal may first be requested in the trial court. The Supreme Court disagreed; it distinguished **Chaille** because **Chaille** did not involve the TCPA:

> Relying on **Chaille v. Warren**, 689 S.W.2d 173 (Tenn. Ct. App. 1985), the Killingsworths contend that "the only proper time to request fees for legal services performed on appeal would be on the remand of the case." *Id.* at 178. We are not persuaded. In **Chaille**, the intermediate appellate court was not construing the TCPA. Rather, the court addressed the effect of Tennessee Code Annotated section 29–27–121 permitting an award of attorney's fees from the common fund created by the sale of partitioned land. All issues related to the partition sale, including the payment of costs and fees, are statutorily addressed to the trial court. Further, the court was not considering the impact of Tennessee Rule of Appellate Procedure 27(a). In short, **Chaille** is not apposite to the issue now before us. We hold that a plaintiff seeking to recover reasonable attorney's fees generated during an appeal of a case brought under the TCPA must set forth his or her intention to do so in his or her appellate pleadings.

*Id.* at 411.

In our view, both **Chaille** and **Killingsworth** are distinguishable, in that both involve a request for appellate attorney fees based on statutory authority. In **Chaille**, the parties sought appellate attorney fees pursuant to Section 29-27-121, which permits a trial court ordering the partition and sale of land to award "fees of the attorneys for the complainant and

-5-

defendant," and provides that such fees are to be paid "out of the common fund." T.C.A. § 29-27-121. *Killingsworth* involved a request for appellate attorney fees under the fee-shifting provision of the TCPA, Section 47-18-109(e)(1), which permits an award of attorney fees to the prevailing party in a TCPA action. Both cases concerned whether the trial court had the authority to award fees incurred on appeal under the relevant statutes.

We agree with the trial court that, in most instances, a claim for appellate attorney fees must first be made in the appellate court, as with a request for appellate attorney's fees based on a statutory or contractual right, or on the allegation that the appeal was frivolous.[9] *See, e.g., Brunswick Acceptance Co., LLC v. MEJ, LLC*, 292 S.W.3d 638, 646-47 (Tenn. Ct. App. 2009); *Williams v. Williams*, 286 S.W.3d 290, 297 (Tenn. Ct. App. 2008). However, in this case, we find that this general rule does not apply.

In this case, Mr. Gossum sought an award of appellate attorney fees for the services he provided in defending his final accounting on appeal. As with the other attorney fees requested, these fees were for services rendered on behalf of the estate and constitute an administrative expense of the estate. "[T]he allowances to the personal representative for his own services and reasonable counsel fees . . . are as proper charges against the estate as, for example, funeral expenses." Robinson, PRITCHARD ON WILLS, *supra* § 864, at 21-18. In general, for attorney fees incurred in the administration of an estate, "a primary question to be determined is whether the services directly benefitted the estate." *Id.* Here, of course Mr. Gossum, as the administrator of th estate, made the decision to incur appellate attorney fees for the first appeal. "Executors will be reimbursed for expenses incurred in good faith for the exclusive and necessary benefit of the estate, even where they are not entirely free from fault and negligence themselves." *Id.*; *see Martin v. Moore*, 109 S.W.3d 305, 313 (Tenn. Ct. App. 2003).

We note that, in its discussion on attorney fees allowable as an administrative expense of the estate, *Pritchard on Wills and Administration of Estates* cites *Chaille* as support for the proposition that "[t]he proper time and place to request attorney's fees for services performed on appeal is on remand in the trial court." Robinson, PRITCHARD ON WILLS, *supra* § 864, at 21-20 (citing *Chaille*, 689 S.W.2d at 179). Although *Chaille* is distinguishable because the attorney fees in that case were sought under the partition statute, we nevertheless find it instructive. As in *Chaille*, this case involves services rendered in the course of administering

---

[9] Generally, Tennessee follows the American Rule, under which litigants must pay their own attorney fees unless there is a statute or contract providing otherwise. *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). In the absence of such a fee-shifting statute, contract provision, or other recognized equitable ground, courts may not compel a losing party to pay the attorney fees of the winning party. *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 194; *Kultura, Inc. v. S. Leasing Corp.*, 923 S.W.2d 536, 540 (Tenn. 1996).

a decedent's estate, services provided for the benefit of the estate. More specifically, the services rendered by Mr. Gossum on appeal in this case were in furtherance of his duties as both the administrator and the attorney for the estate, and recovery was sought from the estate, not from a non-prevailing party. "[I]t is well established that a personal representative of an estate may be entitled to receive reasonable attorney fees from the estate, where . . . the attorney's services have inured to the estate's benefit." *Martin*, 109 S.W.3d at 313; *see also In re Wakefield*, M1998-009210-COA-R3-CV, 2001 WL 1566117, at *24 (Tenn. Ct. App. Dec. 10, 2001); T.C.A. § 30-2-317(a) (2007) (listing reasonable compensation to the personal representative's counsel among the types of administrative costs that are given first priority). We see no reason why Mr. Gossum's fee for representing the estate on appeal should be treated differently than his fee for representing the estate in the trial court. Thus, as in *Chaille*, we find that "the proper time and place to request attorneys fees for" such services is in the trial court, along with the request for compensation for all the other services rendered to the estate. *See Chaille*, 689 S.W.2d at 179.

Accordingly, we find that Mr. Gossum's request for the approval of his attorney fees incurred on appeal in the administration of an estate should be classified with the other requests for attorney fees incurred in the administration of the estate. As such, the estate's attorney need not request such fees in the appellate court, and indeed would not make such a request in the first instance to the appellate court. Therefore, we reverse the trial court's decision to deny Mr. Gossum's request for attorney fees incurred in the first appeal, and we remand the cause to the trial court for a determination as to Mr. Gossum's reasonable attorney fee for his efforts in the first appeal in this case. This direction on remand does not preclude Mr. Gossum from requesting from the trial court an award of attorney fees incurred in this second appeal.

## CONCLUSION

The decision of the trial court is reversed an the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellees Warner Dunlap, Jr., and Dr. Mary Dunlap Wells, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE