357 S.W.2d 828 (1962)
Mrs. Pauline L. FOLK
v.
Winston P. FOLK.
Supreme Court of Tennessee.
February 8, 1962.
Newman Brandon, Jr., Tom Stewart, Nashville, for petitioner.
David M. Keeble, Nashville, Hobart Atkins, Knoxville, for respondent.
BURNETT, Justice.
Counsel for Mrs. Folk have filed herein a petition to be allowed an additional fee as her solicitors for services performed in the Court of Appeals and in this Court, 355 S.W.2d 634.
We think that the proper place for this fee to be fixed is in the court of original jurisdiction, to-wit, the Chancery Court of Davidson County, wherein the case was originally heard. The cause was remanded to that court by this Court for further consideration of questions presented. Since the case is remanded to that court it is our *829 conclusion that that court should fix these fees.
In determining compensation of attorneys the amount and character of services rendered, labor, time and trouble involved, character and importance of the litigation, amount of the money or value of the property involved, professional skill and experience called for, character and standing of the attorneys, are questions that should be determined by a court having original jurisdiction. Here all that we have is what the record shows that these attorneys have filed able briefs and made able arguments in both courts and they have prevailed on behalf of their client. This being true, it is our conclusion that the question of any additional fees should be taken up with the Chancellor on this remand, and if necessary proof may be heard as to what fees should be allowed. Of course, the allowance of these fees depends upon many things, to-wit, the ability of the defendant to pay, whether or not the defendant has been successful in his appeal, whether or not this appeal was made in good faith, whether or not there is a necessity that the man pay the fees rather than the woman, and any and all other considerations that a Chancellor may view under the particular facts and circumstances of each individual case.
It is for these reasons that the motion here to allow an additional fee is denied and the cause remanded to the Chancery Court where proper consideration may be had by the Chancellor, taking into consideration all the facts and circumstances as above indicated. Normally when the Chancellor hears proof on the question of attorneys' fees and determines the matter he is in a much better position than anyone else to appraise the worth of these services, and where there is a difference of opinion among those testifying as to these services the allowance by the Chancellor will not be disturbed. Bank of Commerce & Trust Co. v. Buckingham, 144 Tenn. 344, 233 S.W. 668.