**STATE of Tennessee, Appellee,**

**v.**

**Kathryn Mae SWISHER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Mar. 15, 1984.

Permission to Appeal Denied by the Supreme Court June 4, 1984.

Russell X. Thompson, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., James D. Wilson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, Kathryn Mae Swisher, was found guilty of contempt of court and was sentenced to ten (10) days in jail. The trial court suspended all but two (2) days of her sentence. She was also fined the sum of fifty dollars ($50).

In this appeal, the appellant contends the trial judge erred in failing to follow the procedures set forth in Tenn.R.Crim.P. 42, says the trial judge should have disqualified himself from hearing the case, alleges that the trial judge erred in failing to make an explicit finding of intent on her part to disrupt the court proceedings, and complains about her sentence. We find no merit to these complaints.

In order to answer the appellant's specific complaints, a summary of some of the evidence and the proceedings in the trial court is necessary.

The record shows that the appellant served as defense counsel for Herman Samuel Phillips, who had been indicted for aggravated rape, first degree burglary and larceny. Phillips' trial commenced on May 24, 1983, in the Shelby County Criminal Court, with the Honorable W. Fred Axley, presiding. During the course of his trial, the trial court admonished the appellant on several occasions to cease talking when the court was ruling on objections. At one point, out of the presence of the jury, the trial court specifically warned the appellant that a continuance of her interruptions would constitute contempt of court. Notwithstanding, when the jury returned to

the courtroom, another interruption of some type was made by the appellant. The record shows that at that point the trial judge commented: "Ms. Swisher. Wait 'til I finish, please ma'am."

Later in the trial, as the jury was leaving the courtroom for a recess, the appellant asked her client in the presence of the court and at least some of the jurors: "How tall are you?" Her client answered, "Six, three," to which the appellant responded, "Six, three?" Regarding this particular incident, we note that at the contempt hearing on June 7, 1983, the trial judge pointed out that one of the issues in Phillips' trial was the height of the person who allegedly attacked the victim, and that it was apparent from the voir dire and other matters that the appellant's client did not intend to testify.

At any rate, subsequent to the appellant's misconduct mentioned above, the trial court advised her that a contempt hearing would be held, and that a hearing date would be set after the completion of her client's trial. She was advised by the trial court of her right to have counsel present and was told to either obtain counsel or to represent herself.

Later, after the State had rested its case, the appellant apologized for her actions and said she did not intend to cause any dispute with the court. She commented that "nothing was intentional" on her part. The trial court reiterated that the matter would be taken up at the conclusion of the trial.

Further, the record indicates that during the prosecuting attorney's argument to the jury, the appellant made some type of hand signals to the jury, and at one point rose to her feet and extended her arms, as if in a "crucifixion stance."

As previously mentioned, the trial court held a contempt hearing on June 7, 1983, at which hearing the appellant represented herself. The trial court reviewed with the appellant each of the particular matters that we have discussed above. The appellant addressed the court, stating that she "would like to deny all of it." She said her statement that she made when the jury was filing out was "inadvertent." She spe- cifically denied that she had ever made any "hand signals in front of a jury."

The trial judge concluded the hearing by finding that the appellant's actions during the trial were contemptuous, and accordingly found her guilty of contempt of court.

After the above proceedings, the appellant obtained counsel and he filed a "Motion For Certification Of Conduct Constituting Contempt And Rehearing." A hearing on this motion was held on June 15, 1983, and after an extended discussion of the matter between appellant's counsel and the trial court, the motion was denied.

The appellant's first complaint is that the trial court erred in failing to follow the mandates set forth in Tenn.R.Crim.P. 42. This rule provides:

(a) Summary Disposition.—A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

(b) Disposition upon Notice and Hearing. —A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing except with the defendant's consent. Upon a verdict of finding of guilt the court shall enter an order fixing the punishment.

■ The appellant argues that the trial court failed to follow the certification requirements of Rule 42(a). There is no merit to this complaint because that section of the rule pertains only to summary dispositions of contempt matters. The appellant's contempt was not punished summarily. The present proceeding was conducted upon notice and hearing, as provided in Rule 42(b).

The appellant further argues that the trial court did not comply with the notice requirements of Rule 42(b).

■ As quoted above, Rule 42(b) provides that the notice may be given "orally by the judge in open court in the presence of the defendant." As we set forth in our summary of the proceedings, the trial court advised the appellant in open court that a contempt hearing would be held following the trial. Also, during the trial, the appellant was advised that her continued interruptions of the court and her comment before the jury about her client's height constituted contempt. On May 26, 1983, a contempt hearing date was set for June 7, 1983. Thus, the appellant was adequately notified by these developments of the time and place of the hearing and the essential facts constituting these two (2) acts of contempt charged. It does appear that the appellant was first apprised at the June 7 hearing that her hand gestures before the jury also constituted contemptible behavior. However, as previously indicated, her motion for a rehearing was held on June 15, 1983, at which time her counsel addressed the merits of the matter, offering explanations for the appellant's behavior. Further, the trial court at that time had before it a lengthy affidavit filed by the appellant explaining her behavior and her version of the events. After considering these matters, the trial court denied her motion for a rehearing.

■ Under all of the above circumstances, we find that the trial court substantially complied with the notice requirements of Rule 42(b). Additionally, if the appellant's hand gestures before the jury were removed from consideration, the other instances of misconduct, of which she had actual notice prior to the June 7 hearing, would be sufficient to support the trial court's finding of contempt on her part. We find that the appellant received adequate notice and that no notice due process violation occurred.

■ Further, we do not view the appellant's contemptuous acts as involving disrespect to or criticism of the trial judge; thus, Rule 42(b) did not require that the judge disqualify himself from hearing the matter. The record shows that the appellant did not object to Judge Axley presiding over the hearing. Further, we note that at the argument of this case the appellant's counsel stated that he recognized that there was no merit to this complaint and that he no longer desired to pursue it.

■ Likewise, we find no merit to the appellant's complaint that the trial court failed to make an explicit finding of intent on her part to commit the acts which resulted in her conviction for contempt of court. The trial court stated in its order that it found that the appellant "wilfully disregarded the orders of the court and in so doing disrupted the orderly business of this Court without reason or cause." This finding was more than sufficient to constitute a finding of intent on the part of the appellant.

■ Finally, the appellant complains that the punishment imposed upon her was excessive. We disagree. She was fined fifty dollars ($50.00) and sentenced to jail for ten (10) days. The punishment imposed is authorized by the penalty provisions of T.C.A. § 29-9-103. Moreover, we note that the trial court suspended all but two (2) days of her sentence. The trial court did not abuse its discretion in fixing punishment in this case. *See Wahlquist v. State*, 213 Tenn. 626, 378 S.W.2d 742 (1964).

The judgment of the trial court is affirmed.

DWYER and SCOTT, JJ., concur.