IN THE COURT OF APPEALS OF TENNESSEE

FILED

April 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

BRENDA BONDY,                           )C/A NO. 03A01-9609-JV-00310
                                        )
            Petitioner-Appellant,       )
                                        )
                                        )
                                        )
                                        ) APPEAL AS OF RIGHT FROM THE
                                        ) MONROE COUNTY JUVENILE COURT
v.                                      )
                                        )
                                        )
                                        )
ARNOLD WAYNE MARTIN,                    )
                                        ) HONORABLE EDWIN C. HARRIS,
            Respondent-Appellee.        ) JUDGE


For Appellant                           For Appellee

CHARLES E. RIDENOUR                     RANDY G. ROGERS
Sweetwater, Tennessee                   Athens, Tennessee


O P I N I O N


VACATED IN PART
AFFIRMED IN PART
REMANDED                                            Susano, J.

This is a paternity case. After blood tests showed a 99.999% probability of paternity, the defendant Arnold Wayne Martin (Father) acknowledged that he is the father of Melissa Gail Dixon, age 16. Based upon Father's acknowledgment, the trial court entered a judgment of paternity. As pertinent to this appeal, the trial court also ordered Father to pay the plaintiff Brenda Bondy (Mother) child support of $63 per week, effective November 21, 1995, the date on which the petition in this case was filed. Mother appealed, arguing that the trial court should have awarded her support back to August 3, 1979, the child's date of birth. She also argues that the trial court's award of fees for her counsel is inadequate. Finally, she seeks fees for services rendered by her attorney on this appeal.

In a paternity case, a trial court "has broad discretion to determine the amount of . . . a retroactive award of [child support], as well as the manner in which it is to be paid." *State ex rel. Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991).

In the instant case, it appears that the trial court did not *properly* exercise its discretion. Mother's petition that Father be ordered to "pay child support, beginning August 3, 1979" was met by the following finding and decree in the trial court's judgment:

> That there has, prior to the date of this
> hearing, been no Order of support placed
> against the respondent and that no arrearage
> of support exists because no Order has ever
> been entered establishing paternity or
> obligation of support and that, therefore,

2

> the Court finds that no arrearage exists,
> none is owed and therefore, none is forgiven
> or reduced.

The trial court, instead of exercising its discretion and determining whether child support back to the date of birth was or was not appropriate and, if so, in what amount, instead refused to order any back child support simply because "no Order [had] ever been entered establishing paternity or obligation of support." This was not the appropriate criteria upon which the trial court should have made this discretionary determination. The appropriate standard is set forth in the **State ex rel. Coleman** case:

> . . . the statute gives the juvenile court
> the discretion to order a retroactive support
> award back to . . . [the] date [of the
> child's birth], the amount and method of
> payment to be determined by the [trial judge]
> in light of the circumstances of the case and
> consistent with the standards which normally
> govern the issuance of child support orders.
> (citation omitted).

805 S.W.2d at 755.

Since the trial court failed to exercise its discretion pursuant to the appropriate standard, we find an abuse of that discretion and conclude that it is necessary to vacate so much of its judgment as provides that Mother is not entitled to any support prior to the date of filing of the petition. We express no opinion as to whether retroactive child support is appropriate in this case. Our holding in this case is a limited one: a trial court cannot refuse to award retroactive child support simply

3

because an order was not entered covering the period for which back support is requested.

As to the second issue raised by Mother, we do not find that the evidence preponderates against the trial court's award of attorney's fees of $1,000 for services rendered prior to the filing of the notice of appeal. *See* Rule 13(d), T.R.A.P. There is nothing in the record reflecting the nature and extent of the services rendered by plaintiff's counsel.

Mother's petition for attorney's fees for services rendered on this appeal is remanded to the trial court for its consideration. *See Folk v. Folk*, 357 S.W.2d 828 (Tenn. 1962).

Except as vacated herein, the trial court's judgment is affirmed. On remand, the trial court is directed to exercise its discretion with respect to the issue of back child support, pursuant to the holding in *State ex rel. Coleman v. Clay*, 805 S.W.2d 752 (Tenn. 1991). It is also directed to consider Mother's application for fees for her counsel for services rendered on this appeal. Costs on appeal are assessed against the appellee.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.