IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 15, 2005 Session

## JOYCE MARIE BRASHER v. DONNY GENE BRASHER

**A Direct Appeal from the Chancery Court for Decatur County**
**No. 1760     The Honorable Ron Harmon, Chancellor**

---

**No. W2004-01314-COA-R3-CV - Filed April 1, 2005**

---

This is a child support case.  Father/Appellant seeks reversal of the amount of child support arrearage set by the trial court and relief from the trial court's award of attorney's fees and costs to Mother/Appellee.  The trial court's calculation of arrearage is based upon a trial exhibit that is not in keeping with the governing orders of support.  Consequently, the calculation constitutes a retroactive modification of support, which is disallowed under T.C.A. § 36-5-101(a)(5). We reverse in part, affirm in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Affirmed in Part, and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Ricky L. Wood of Parsons, Tennessee, For Appellant, Donny Gene Brasher

Mary Jo Middlebrooks and Betty Stafford Scott of Jackson, Tennessee, For Appellee, Joyce Marie Brasher

**OPINION**

Donny Gene Brasher ("Father," or "Appellant") and Joyce Marie Brasher ("Mother," or "Appellee") were married on June 10, 1978.  Three children were born to this marriage, Charity Marie Brasher, Cassie Gene Brasher, and Chelsey Lavon Brasher.  On September 28, 1989, Ms. Brasher filed a Complaint for Divorce.  Mr. Brasher filed an Answer and Counter-Complaint on January 19, 1990.  On April 2, 1990, the parties entered into a Marital Dissolution Agreement ("MDA").  The MDA provides, in relevant part, as follows:

> 1. [Mother] shall have full custody of the minor children and the
> [Father] shall pay to the [Mother] as child support the sum of $500.00

per month, payable directly to the [Mother] on the 1st and 15th day of each month, beginning on March 1, 1990, and continuing each month thereafter until further orders of the Court. The [Mother] agrees to keep an insurance policy on said children and the [Father] shall pay the deductible on said insurance policy and the parties shall be responsible for one-half (½) of all medical bills not paid by said insurance policy.

An Order was entered on April 3, 1990, which granted the parties a divorce and approved the MDA.

On January 10, 1991, Ms. Brasher filed a "Petition for Contempt" against Mr. Brasher for his alleged non-payment of child support. On February 1, 1991, Mr. Brasher filed a "Petition for Contempt and to Modify" asserting that Ms. Brasher had failed to maintain an insurance policy on the children as required by the MDA. Following a hearing, the trial court entered an Order on February 21, 1991 finding that neither party was in contempt of court. This Order requires Mr. Brasher to make his monthly child support payment of $500.00 through the Clerk of Court together with a $25.00 (5%) fee. Mr. Brasher was given credit for health insurance premiums he paid during the time Ms. Brasher did not carry insurance on the children and Ms. Brasher was ordered to provide coverage going forward.

On June 6, 1991, Ms. Brasher filed a "Petition for Contempt and to Show Cause" against Mr. Brasher for his alleged failure to comply with the visitation schedule outlined in the MDA and for his alleged failure to pay the court ordered child support. On the same day, Mr. Brasher filed a "Petition to Change Custody"seeking to gain custody of the parties' minor children. As grounds of a material change in circumstance, Mr. Brasher's Petition alleged, *inter alia*, that Ms. Brasher was unable and unwilling to care for the needs of the children, especially those of the youngest child Chelsey who had been diagnosed with severe epilepsy with recurring seizures.

On June 11, 1991, Ms. Brasher filed a "Petition for Restraining Order" due to Mr. Brasher's alleged refusal to return two of the children following visitation. A hearing was held on July 2, 1991 and the trial court entered an Order on September 16, 1991, which reads, in pertinent part, as follows:

> 1. That the Defendant, Donny Gene Brasher, is found to be in willful contempt of the previous orders of this Court and is sentenced to serve two (2) days in the Decatur County Jail.
>
> \*                    \*                    \*
>
> 3. That custody of the two minor children, Chelse[y] Brasher and Cassie Brasher is awarded to [Mother].

4. That temporary custody of the minor child, Charity Brasher, is awarded to the [Father].

*                              *                              *

7. Pursuant to the Child Support Guidelines, the [Mother] is awarded thirty-two percent (32%) of the [Father's] net monthly income as child support. Further, the [Father] is awarded twenty-one percent (21%) of the [Mother's] net monthly income as child support. Since it appears that the [Mother] is currently unemployed, her net income shall be determined based upon the current minimum wage per hour for a forty (40) hour week.

In July 1992, Charity Brasher went back to live with her Mother. Mr. Brasher contends that, at that time, the parties agreed to his paying Ms. Brasher $500.00 per month in child support. Mr. Brasher asserts that this reduction in support was agreed upon due to the fact that he had remarried and quit his second job. Ms. Brasher contends that the parties did not have a side agreement regarding payment of child support. Ms. Brasher further contends that Mr. Brasher informed her that "he went back to the judge and that the judge himself had lowered [the child support payment]." Ms. Brasher did not take Mr. Brasher to court or question this statement because she allegedly did not have the financial resources to do so.

In November 1998, Charity was emancipated by turning eighteen. In August of 2000, Cassie was emancipated by turning eighteen. Without a court order, Mr. Brasher reduced his monthly child support payments by $100.00 per month when each child reached the age of majority.

On December 16, 2002, the Assistant District Attorney filed a Motion on behalf of the State of Tennessee to modify and set a specific amount of child support. On January 30, 2003, the trial court entered an Order reducing Mr. Brasher's child support to $78.00 per month for Chelsey and reserved the issue of arrearage.[1]

On April 9, 2003, Ms. Brasher filed a "Motion for Civil Contempt, to Increase Child Support and to Extend Payment of Child Support." This Motion was based, *inter alia*, upon the fact that Chelsey Brasher, in addition to her epilepsy, had been diagnosed with "significant cognitive impairment," which would likely render her unable to provide for herself even after reaching the age of majority. Ms. Brasher sought an increase in child support payments because "Father's total

---

[1] Ms. Brasher asserts that Mr. Brasher perpetrated a fraud upon the court at the January 14, 2003 hearing by presenting a single, low pay stub upon which the court calculated child support. Based upon Mr. Brasher's 2002 reported income of $33,521.00, Ms. Brasher contends that his support obligation should have been set at $109.76 pursuant to the Child Support Guidelines in effect at that time.

income was not provided to the Court;"[2] she also sought payment of arrears and sanctions for Mr. Brasher's alleged failure to comply with the existing court orders. Mr. Brasher filed his Response to this Motion on June 6, 2003. Although he denied that his total income was not provided to the court for purposes of setting child support, he admitted that Chelsey is permanently disabled and expressed his willingness to support Chelsey beyond the age of majority. As affirmative defenses, Mr. Brasher raised the following in his Response:

> A) The parties by agreement reduced the child support payments and [Mother] should be estopped to allege otherwise. [Father] has made all support payments as agreed between the parties.

> B) The [Mother] waived any arrearage by accepting the child support tendered by [Father] per the agreement of the parties.

> C) The child support Order entered on January 31, 2003 is res judicata, as to any modification for increase as requested by the Mother.

> D) The [Father] states that he has provided "in kind" services for said child.

A hearing was held on October 14, 2003. On December 9, 2003, the trial court entered an "Interim Order," which reads, in relevant part, as follows:

> 1. ...By stipulation, the parties have agreed that [Chelsey Brasher] will not be emancipated by age of majority, and that the parents will be required to support her for her natural life or until further Orders of this Court.

> 2. That based upon Father's 2002 income of $33,521.00, Father's child support shall be $434.00 per month ($100.93 per week).

The issues regarding Mr. Brasher's alleged contempt and child support arrearage were reserved by the court pending receipt of briefs upon request of Mr Brasher. Following receipt of those briefs, the trial court entered an Order on April 13, 2004. This Order reads, in pertinent part, as follows:

> ORDERED:

> 1. That the Defendant, Donny Gene Brasher [hereinafter referred to as "Father"], is in willful contempt of the Orders of this Court.

---

[2] *See supra* footnote 1.

2. That Father's child support arrearage through and including January 14, 2003, is $37,658.42. Mother is granted a judgment for said sum, which shall run with 12% interest pursuant to T.C.A. §36-5-101(a)(5). Execution may issue at the request of Mother or her attorneys.

\*                                    \*                                    \*

4. That Mother is entitled to an award of attorney fees and costs advanced in this cause. Father shall pay Mother's attorney of record, Middlebrooks & Gray, P.A., the sum of $3,427.87, upon entry of this Order. Execution may issue upon request of Mother or her attorneys.

5. That Father shall pay the costs of this cause, for which execution may issue.

Mr. Brasher appeals and raises two issues for review as stated in his brief:

1. Did the trial court err in retroactively setting child support arrearage in violation of T.C.A. 36-[5]-101(5)?

2. Did the trial court err in awarding attorney fees to Plaintiff?

Ms. Brasher raises the addition issue of whether this Court should award Ms. Brasher attorney's fees and costs incurred in defending this appeal.

Since this case was tried by a court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

**Child Support**

In its Order of April 13, 2004, the trial court set Mr. Brasher's child support arrearage at $37.658.42. The trial court's calculation was based upon Trial Exhibit 6, which was submitted by Ms. Brasher.[3] For purposes of our discussion, we reproduce Exhibit 6:

| DATES/GROSS/ORDER | MONTHS X | AMOUNT PAYABLE |
|---|---|---|
| **3/1/90-9/12/91 $500 per month** | **19x500.00** | **$9,500.00** |

---

[3] Ms. Brasher submitted three exhibits at trial, which calculate Mr. Brasher's arrearage based upon various scenarios. We reprint only the first of these exhibits, which was the one that the trial court actually relied upon in making its calculation.

| | | |
|---|---|---|
| **10/91-12/91 1523.75(32%)** | **3x480.00** | |
| **Less Mother's $135.00 (21%)** | **3x135.00** | **819.00** |
| **1/92-7/92 1581.25 (32%)** | **7x420.00** | |
| **Less Mother's 135.00 (21%)** | **7x135.00** | **1,995.00** |
| **[Mother had all three children again]** | | |
| **8/92-12/92 $420.00** | **5x420.00** | **2,100** |
| **1993 1523.75 per month (41%)** | **12x520.00** | **6,240.00** |
| **1994 1503.00 per month (41%)** | **12x515.00** | **6,180.00** |
| **1995 1634.16 per month (41%)** | **12x555.00** | **6,660.00** |
| **1996 1766.66 per month (41%)** | **12x600.00** | **7,200.00** |
| **1997 2050.83 per month (41%)** | **12x760.00** | **9,120.00** |
| **1/98-11/98 2273.58 per month (41%)** | **[11]x760.00[4]** | **[8,360.00]** |
| **12/98 [Charity] turned 18–(32%)** | **1x590.00** | **590.00** |
| **1999 2308.00 per month (32%)** | **12x600.00** | **7,200.00** |
| **1/00-8/00 2,858.00 per month (32%)** | **8x731.00** | **5,848.00** |
| **9/00-12/00 [Cassie] turned 18 (21%)** | **4x480.00** | **1,920.00** |
| **2001 2439.58 per month (21%)** | **12x415.00** | **4,980.00** |
| **6/01-12/01 2439.58 per month (21%)** | **7x415.00** | **2,905.00** |
| **2002 2793.41 per month (21%)** | **12x472.00** | **5,664.00** |
| **1/1/03-1/14/03 [2 wks. 21%]** | **2x109.76** | **219.52** |
| **TOTAL CHILD SUPPORT DUE** | | **$[83,743.52][5]** |
| **-CHILD SUPPORT PAID** | | **-46,845.10[6]** |

---

[4] In Exhibit 6, the multiplier in this section is listed as 12 instead of 11. We have corrected this error, which also affects the totals section, in our reproduction of the Exhibit.

[5] *See* footnote 4, *supra*.

[6] The amount of child support paid is taken from Trial Exhibit 4.

| CHILD SUPPORT ARREARAGE | | [36,898.42][7] |
|---|---|---|

T.C.A. § 36-5-101(a)(5) (Supp. 2001) governs modifications of child support orders and reads as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. ***Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties***. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk

(Emphasis added).

In this case, no petition to modify the child support ordered by the September 16, 1991 Order was made until the State filed its petition on December 16, 2002. In response to this petition, the trial court entered an Order on January 30, 2003, which set Mr. Brasher's child support obligation at $78.00 per week (or $312.00 per month).

Although the September 16, 1991 Order gives custody of Charity to Mr. Brasher and custody of the other children to Ms. Brasher, it is uncontested that Charity returned to live with her mother in July of 1992. Based upon the fact that Charity returned to live with her mother and sisters, Ms. Brasher asserts (as evidenced by Exhibit 6) that Mr. Brasher's support obligation, beginning in August 1992, should have been calculated at 41% of his net income pursuant to the Tennessee Child Support Guidelines in effect at that time. Furthermore, Exhibit 6 indicates that Ms. Brasher's court-ordered child support obligation of 21% of her net income (based upon the current minimum wage) should have been waived. While this Court may agree with Ms. Brasher's calculation in terms of its equity, T.C.A. § 36-5-101(a)(5) clearly states that child support orders "shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties." T.C.A. § 36-5-101(a)(5) prevents both retroactive modification of child support orders and the interposition of traditional equitable defenses to the enforcement of such orders. ***See Rutledge v. Barrett***, 802 S.W.2d 604 (Tenn. 1991). Because neither of these parties petitioned the

---

[7] ***See*** footnote 4, *supra*.

court to modify the September 16, 1991 Order, the September 16, 1991 Order was in full force and effect until it was modified by the January 30, 2003 Order, *see supra*.

Mr. Brasher contends that the parties had a private agreement concerning child support, whereby he would pay $500.00 per month beginning in August 1992 and that this $500.00 would be reduced by $100.00 per month as each child reached the age of majority. It is disputed in the record as to whether the parties actually had such an agreement. However, even if we assume *arguendo* that such was the agreed upon arrangement, it is well settled in Tennessee that such an agreement by the parents to relieve one parent of the obligation of support is void as against public policy. *See, e.g., Berryhill v. Rhodes*, 21 S.W.3d 188, 192 (Tenn. 2000); *Witt v. Witt*, 929 S.W.2d 360, 363 (Tenn. Ct. App. 1996).

Based upon the foregoing, we find that the trial court erred insofar as its calculation of Mr. Brasher's child support arrearage is not based upon the governing child support Orders. To clarify, from March 1990 through September 1991, Mr. Brasher's support obligation was based upon the Marital Dissolution Agreement and was set at $500 per month. Thereafter, the September 16, 1991 Order set Mr. Brasher's child support obligation at 32% of his net income and this amount was to be offset by 21% of Ms. Brasher's net income (based upon the current minimum wage for a 40 hour work week). Although Mr. Brasher argues that the record indicates that Ms. Brasher became employed after the entry of the September 16, 1991 Order, there is no indication in this record that either party sought modification of the 1991 Order to reflect any increase in Ms. Brasher's income or to reflect the fact that all three children were living with Ms. Brasher. Based upon the foregoing discussion, absent such modification, the September 16, 1991 Order governs the support obligation of these parties until such time as it is modified. According to the record, the 1991 Order was in place from October 1991 through January 30, 2003. Thereafter, the January 30, 2003 Order modifies Mr. Brasher's support obligation to $78 per week beginning February 1, 2003. We remand this case for calculation of Mr. Brasher's child support arrearage. Such calculation should be based upon the governing support Orders and should take into account changes in the minimum wage in calculating Ms. Brasher's 21%.

**<u>Attorney Fees</u>**

The trial court awarded Ms. Brasher attorney's fees and costs advanced in the cause in the amount of $3,427.97. On appeal, Mr. Brasher contends that this award was in error. It is well settled in Tennessee that an appellate court shall not interfere with the trial court's decision, concerning attorney's fees, except upon a showing of an abuse of that discretion. The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App.2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have

chosen another alternative. From our review of the record in this case, we cannot say that the trial court abused its discretion in making this award of attorney's fees.

In addition, Ms. Brasher asks this Court to award her attorney's fees and costs incurred in defending this appeal. In addressing requests for attorney's fees on appeal, we are guided by the following: Our Courts have defined the factors that should be applied when considering a request for attorney's fees incurred on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered. ***Dulin v. Dulin***, No. W2001-02969-COA-R3-CV, 2003 WL 22071454 (Tenn. Ct. App. Sept. 3.2003) (citing ***Folk v. Folk***, 357 S.W.2d 828, 829 (Tenn.1962)). In weighing the above factors in light of the particular facts of this case, we find it equitable to deny Ms. Brasher's request for attorney's fees in this case.

For the foregoing reasons, we reverse the trial court's finding that Mr. Brasher's child support arrearage, through and including January 14, 2003, is $37.658.42. We remand for a calculation of Mr. Brasher's arrearage in accordance with this Opinion. The Order of the trial court is affirmed in all other respects. Costs of this appeal are assessed one-half to the Appellant, Donny Gene Brasher, and his surety, and one-half to the Appellee, Joyce Marie Brasher.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.