IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2005 Session

## JAMES KILLINGSWORTH, ET AL. v. TED RUSSELL FORD, INC.

Appeal from the Circuit Court for Knox County
No. 1-149-00     Dale C. Workman, Judge

No. E2004-02597-COA-R3-CV  - FILED JANUARY 5, 2006

This appeal centers around the Trial Court's award of attorney fees to Plaintiffs in this Tennessee
Consumer Protection Act case.  Following remand after the first appeal, the Trial Court awarded
attorney fees of $2,000 for work performed in preparation for and the jury trial of this case, and an
additional $4,500 in attorney fees incurred on the first appeal.  Plaintiffs appeal claiming the Trial
Court's award of $2,000 in fees incurred at the trial court level was unreasonably low.  Defendant
appeals claiming the Trial Court erred in awarding any fees incurred on the appeal.  We reverse the
award of fees incurred on the appeal, and modify the Trial Court's judgment to award $6,500 in fees
for work performed at the Trial Court level.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed in Part and Affirmed in Part as Modified; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J.,
joined.  CHARLES D. SUSANO, JR., J., a separate concurring and dissenting Opinion.

J. Myers Morton and George W. Morton, Knoxville, Tennessee, for the Appellants James and Kathy
Killingsworth.

J. Douglas Overbey and Dan R. Pilkington, Knoxville, Tennessee, for the Appellee Ted Russell
Ford, Inc.

# OPINION

## Background

This is the second appeal in this Tennessee Consumer Protection Act case. James and Kathy Killingsworth ("Plaintiffs") purchased an SUV from Ted Russell Ford, Inc. ("Defendant"). Thereafter, Plaintiffs brought this lawsuit alleging Defendant failed to advise them about damage to the previously-unowned SUV. Following a trial, a jury returned a verdict in favor of Plaintiffs for $2,500. *See Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 531 (Tenn. Ct. App. 2002). Plaintiffs then filed a post-trial motion seeking attorney fees in the amount of $9,718, and discretionary costs in the amount of $1,864. *Id*. at 532. Defendant opposed this motion because Plaintiffs did not specifically request attorney fees or costs in their complaint. The Trial Court awarded Plaintiffs a total of $500 for both attorney fees and costs. Plaintiffs appealed claiming the award of only $500 for attorney fees and costs was unreasonably low. *Id*. at 534.

As relevant to the current appeal, we held in the first appeal that Plaintiffs' complaint was sufficient to put Defendant on notice that Plaintiffs were seeking all relief authorized under the Tennessee Consumer Protection Act ("TCPA"), including attorney fees and costs. *Id*. at 533-34. With regard to the amount of attorney fees and costs awarded, we explained that such determinations are a matter of discretion with the trial court and will not be disturbed on appeal unless the evidence preponderates against the trial court's factual findings in making the award. *Id.* at 534. We then stated:

> In this state, the establishment of a reasonable attorney's fee is determined in accordance with Tennessee Code of Professional Responsibility DR 2-106 (2002), which is a part of Tenn. Sup. Ct. R. 8. DR 2-106 provides, in pertinent part, as follows:
>
> > (B) ... Factors to be considered as guides in determining the reasonableness of a fee include the following:
> >
> > (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
> >
> > (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> >
> > (3) The fee customarily charged in the locality for similar legal services.
> >
> > (4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

With respect to the final factor, our Supreme Court has opined that "[a]n attorney's fee should be greater where it is contingent than where it is fixed." *United Med.* [*Corp. of Tenn. v. Hohenwald Bank & Trust Co.*], 703 S.W.2d at 136 [(Tenn. 1986)].

*Killingsworth*, 104 S.W.3d at 534.

Because there was nothing in the record indicating that the Trial Court had utilized the above factors when arriving at its decision regarding the award of attorney fees and costs, we remanded the case to the Trial Court.[1]

On remand, Plaintiffs' counsel filed an affidavit detailing the time spent in preparing the case for trial, at trial, and on the appeal. Plaintiffs' counsel further stated that all of the fees and expenses incurred were reasonable and necessary. The attorney fees now sought by Plaintiffs totaled $17,197.50, which included time spent on the first appeal. The discretionary costs sought by Plaintiffs had risen to $2,448.35. Plaintiffs filed affidavits from local attorneys to the effect that the attorney fees incurred in prosecution of this case at trial and on appeal were reasonable and necessary.

Defendant responded to Plaintiffs' affidavits, claiming the amount of attorney fees sought by Plaintiffs were unreasonable and excessive when considering the factors set forth in DR 2-106. Defendant likewise filed affidavits from local attorneys who opined that the requested fees were excessive and unreasonable, although these affidavits do not state what amount of fees the affiants believe would have been reasonable. Defendant also claimed that, as a matter of law, attorney fees incurred on an appeal were not recoverable under the TCPA. Alternatively, Defendant argued that even if attorney fees for time spent on an appeal normally could be recovered under the

---

[1] Prior to remanding the case, we noted that the Trial Court had determined the jury's award of $2,500 was the equivalent in value to a pre-trial settlement offer of repairs and an extended warranty made by Defendant, an offer which was rejected by Plaintiffs. After reaching this conclusion, the Trial Court indicated that Plaintiffs could have saved themselves over $11,000 in attorney fees had they simply accepted the offer. We rejected this conclusion, holding that the facts preponderated against the Trial Court's conclusion that the jury's monetary award was the functional equivalent to Defendant's pre-trial settlement offer. *Killingsworth*, 104 S.W.3d at 536.

TCPA, Plaintiffs were not entitled to such an award because they did not ask this Court to award those fees at any time during the first appeal.

Following a hearing, the Trial Court rejected Defendant's arguments and awarded Plaintiffs a total of $2,000 in attorney fees for the time spent preparing the case for trial and for the trial, an additional $4,500 for the time spent on the first appeal, and a total of $2,448.35 in discretionary costs. Plaintiffs filed this second appeal, claiming the Trial Court erred in awarding only $2,000 in attorney fees for work performed at the trial court level. Defendant appeals the award of $4,500 in attorney fees incurred during the first appeal. Defendant claims that pursuant to the TCPA, attorney fees are not recoverable for work performed on appeal. Alternatively, Defendant claims that even if attorney fees incurred on appeal are recoverable under the TCPA, Plaintiffs are not entitled to their attorney fees because they never asked this Court to award those fees during the first appeal. The award of $2,448.35 in discretionary costs is not at issue in this appeal.

## Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The portion of the TCPA authorizing an award of attorney fees when there is a violation of the Act is Tenn. Code Ann. § 47-18-109(e). This section provides that "[u]pon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs." The first issue we address is whether attorney fees incurred on an appeal can be recovered under this statutory provision.

In arguing that attorney fees incurred on appeal cannot be recovered under the TCPA, Defendant relies primarily on two cases, the first being *Leake v. Airport Toyota of Memphis, Inc.*, No. 02A01-9208-CV-0023, 1993 WL 360443 (Tenn. Ct. App. Sept. 14, 1993), *no appl. perm. appeal filed*. In *Leake*, we affirmed a judgment to the plaintiff for a violation of the TCPA. The plaintiff also requested this Court to award attorney fees incurred on appeal. We stated:

> Plaintiff has asked this court for an award of attorney's fees and costs incurred by him on appeal. Plaintiff asserts that T.C.A. § 47-18-109(a)(3), *supra*, authorizes attorney's fees on appeal or, alternatively, that attorney's fees and costs should be awarded pursuant to T.C.A. § 27-1-122 as damages for a frivolous appeal. Defendant failed to file a motion for a new trial, and on appeal, he has argued that the court's award of damages was erroneous because the evidence does not support the jury's verdict. Essentially, defendant

has asked the court to review and reweigh the evidence to determine if it supports a finding of a violation of the Consumer Protection Act. Under these circumstances, we think it appropriate to tax defendant with the costs on appeal and plaintiff's expenses, including attorney's fees reasonably incident to this appeal. T.C.A. § 27-1-122 (1980); *see McDonald v. Onoh*, 772 S.W.2d 913 (Tenn. App. 1989).

Accordingly, we affirm the trial court's order and remand to the trial court for a determination of reasonable expenses and attorney's fees on appeal. Costs are taxed to defendant.

*Leake*, 1993 WL 360443, at *4.

Defendant argues *Leake* supports its position that attorney fees incurred on an appeal are not recoverable under the TCPA. Defendant reaches this conclusion because the *Leake* Court did not award attorney fees pursuant to the TCPA, but rather awarded them under the frivolous appeal statute, Tenn. Code Ann. § 27-1-122.

The second primary case relied upon by Defendant is *DuPont Community Credit Union v. City of Chattanooga*, No. 03A01-9207-CV-68, 1993 WL 13032 (Tenn. Ct. App. Jan. 25, 1993), *no appl. perm. appeal filed*. This opinion involved a petition to rehear filed by Dupont Community Credit Union claiming it was entitled to attorney fees incurred on the appeal of its successful inverse condemnation case brought against the City of Chattanooga. We denied DuPont's request based primarily on the language contained in the relevant eminent domain statute, stating as follows:

The pertinent Code Section, T.C.A. 29-16-123(b), provides:

(b) Additionally, the court rendering a judgment for the plaintiff in a proceeding brought under subsection (a) of this section, ... shall determine and award or allow to such plaintiff, as a part of such judgment or settlement such sum as will in the opinion of the court, ... reimburse such plaintiff for his reasonable costs, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

It will be noted that the Statute provides, "the court rendering a judgment for the plaintiff." This Court did not award a judgment for the Plaintiff, but merely affirmed an award made by the Trial Court. We thus conclude the Legislature has not mandated attorney fees on appeal.

*DuPont*, 1993 WL 13032, at \*1. *But see Knox County v. Union Livestock Yard, Inc.*, 59 S.W.3d 158, 167 (Tenn. Ct. App. 2001)(awarding attorney fees incurred on appeal pursuant to Tenn. Code. Ann. § 29-17-812(b), a different section of the eminent domain statute containing substantially similar language to that contained in § 29-16-123(b)). Defendant argues that the inverse condemnation statute at issue in *DuPont* and the TCPA statute at issue in the present case are similar enough for us to conclude that the legislature did not intend for attorney fees incurred on the appeal of a TCPA claim to be recovered.

While we believe Defendant's interpretations of *Leake* and *DuPont* certainly are plausible and Defendant's position is well argued, we reject Defendant's position in light of our Supreme Court's more recent opinion in *Forbes v. Wilson County Emergency District 911 Board*, 966 S.W.2d 417 (Tenn. 1998). *Forbes* involved, *inter alia*, a claim brought pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"). With regard to whether attorney fees incurred on appeal were recoverable under the THRA, the Supreme Court stated:

> The plaintiff has asked this Court to award attorney's fees incurred in this appeal. The remedies provided by the THRA include "reasonable" attorney's fees. Tenn. Code Ann. § 4-21-306(a)(7) & -311. The plaintiff is the prevailing party in this suit and is entitled to relief under the THRA. The THRA does not require that the plaintiff prevail on all appellate issues before attorney's fees may be awarded. See Tenn. Code Ann. § 4-21-306 (providing that affirmative action ordered under the THRA "may include ... a reasonable attorney's fee"); *see generally Church of Scientology Flag Serv. Org. v. City of Clearwater*, 2 F.3d 1509, 1513 (11th Cir. 1993) (noting "well-settled" law that plaintiff is prevailing party if plaintiff has succeeded on any significant issue which achieves some of the benefit the parties sought in bringing suit). Accordingly, the plaintiff's attorneys are entitled to reasonable compensation for their time spent in pursuing this appeal. The issue is remanded to the trial court for a determination of a reasonable fee for the attorneys' services during the appellate process.

*Forbes*, 966 S.W.2d at 422.

The THRA and the TCPA both contain sections setting forth the purpose and intent of the respective statutes. In very general terms, the THRA is intended to assure Tennessee has "appropriate legislation prohibiting discrimination in employment, public accommodations and housing…." *See* Tenn. Code Ann. § 4-21-101(a)(2). The TCPA, on the other hand, is intended "to protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." *See* Tenn. Code Ann. § 47-18-102(2). The TCPA further provides that its provisions "shall be liberally

construed to promote" the statute's purpose. Tenn. Code Ann. § 47-18-102. While the THRA and the TCPA certainly are aimed at remedying vastly different wrongs, they both are comprehensive legislation intended to protect the citizens of Tennessee. Both statutes also provide for a "reasonable" attorney's fee. Tenn. Code Ann. § 4-21-306(a)(7); Tenn. Code Ann. §47-18-109(e)(1). Neither statute contains any language to the effect that an award of attorney fees is limited to fees incurred at the trial court level. Given that our Supreme Court has interpreted the THRA to authorize an award of attorney fees incurred on appeal, we can find no compelling reason whatsoever to interpret essentially identical language contained in the TCPA any differently. Therefore, we hold that the TCPA does authorize an award of attorney fees incurred on an appeal.

The next issue is whether Plaintiffs actually were entitled to an award of attorney fees incurred on the first appeal. Defendant argues that the initial decision as to whether to award these particular attorney fees first must be directed to this Court. Because Plaintiffs never requested this Court to award attorney fees incurred on the first appeal, Defendant maintains that the Trial Court exceeded the scope of the remand and erred when it awarded an additional $4,500 to Plaintiffs.

*Chaille v. Warren*, 635 S.W.2d 700 (Tenn. Ct. App. 1982)("*Chaille I*), involved the construction of a will. On appeal the defendants claimed they were entitled to attorney fees they incurred during that appeal. In resolving this issue we stated that on remand the trial court "should consider whether additional attorneys fees should be awarded to defendants' attorneys for their services regarding this appeal and, if so, the amount of such fee." *Id*. at 703. This conclusion has been reached in other cases. *See, e.g.*, *Keeley v. Massey*, No. 02A01-9307-CH-00159, 1994 WL 59556 (Tenn. Ct. App. Feb. 28, 1994), *no appl. perm. appeal filed*. The case of *Williams v. Williams*, No. 01A01-9510-CH-00486, 1996 WL 355054 (Tenn. Ct. App. June 28, 1996), *no appl. perm. appeal filed,* involved a trial court's modification of a divorce decree reducing the husband's alimony obligation. The wife requested an award of attorney fees incurred on the appeal. We stated:

> As to wife's request for attorney's fees, it is the opinion of this court that the issue be remanded to the trial court. "[T]he trial court is the proper forum for the determination of whether attorney[']s fees should be awarded and their amount." *Chaille v. Warren*, 689 S.W.2d 173, 180 (Tenn. App. 1985) (citing *Folk v. Folk*, 210 Tenn. 367, 379, 357 S.W.2d 828, 828-29 (1962)). The decision of whether to allow attorney's fees for an appeal includes a review of the ability to pay, the success of the appeal, the good-faith of the appellant in bringing the appeal, the need for the payment, and any other particular facts of the individual case. *Folk*, 357 S.W.2d at 829.

*Williams*, 1996 WL 355054, at *6.

After the opinion in *Chaille I* was issued and the case remanded, another appeal was taken and a second opinion was rendered. *See Chaille v. Warren*, 689 S.W.2d 173 (Tenn. Ct. App.

1985) ("*Chaille II*"). We again addressed the attorney fee issue but our conclusion was stated somewhat differently. More specifically, we stated:

> We find no merit in appellants' contention that counsel for the plaintiffs is estopped to claim additional attorneys fees for the services he performed on the first appeal from the trial court's construction of Mr. Warren's will, the sale of his property, and the disbursement of the proceeds to his heirs. It would have been premature to request these fees prior to the appeal, see *Evans v. Evans*, 558 S.W.2d 851, 854 (Tenn. App. 1977), thus, the only proper time to request fees for legal services performed on appeal would be on the remand of the case. *See Folk v. Folk*, 210 Tenn. 367, 379, 357 S.W.2d 828, 828-29 (1962) and *Salisbury v. Salisbury*, 657 S.W.2d 761, 771 (Tenn. App. 1983). Counsel for the plaintiffs cannot be faulted for making his request for attorneys fees at the proper time.…
>
> The appellants next contend that the trial court improperly went beyond the scope of this Court's remand order contained in *Chaille v. Warren*, 635 S.W.2d 700 (Tenn. App. 1982) by awarding attorneys fees to counsel for the plaintiffs. This argument is untenable for two reasons. First, it ignores the fact that the proper time and place to request attorneys fees for services performed on appeal is on remand in the trial court. *See Folk v. Folk*, 210 Tenn. 367, 379, 357 S.W.2d 828-29 (1962). Second, it fails to recognize that the issue of plaintiffs' counsel's entitlement to attorneys fees for services performed on the first appeal was not addressed by this Court in *Chaille v. Warren*, 635 S.W.2d 700 (Tenn. App. 1982) because it was not an issue, and, therefore, was not part of the first appeal in this case.

*Chaille II,* 689 S.W.2d at 178-79. *Airline Construction, Inc. v. Tri-State Sprinkler Corp.*, 807 S.W.2d 247, 269-70 (Tenn. Ct. App. 1990).

The above portion of *Chaille II* does seem to suggest that the proper time and place to initiate a request for attorney fees incurred on an appeal is on remand to the trial court. However, the statute at issue in *Chaille* provided that attorney fees could be awarded to "the attorneys for the complainant and defendant to be paid out of the common fund, where the property is sold for partition .…" Tenn. Code Ann. § 29-27-121. In *Chaille I*, counsel for defendants requested this Court to award attorney fees incurred on appeal, and, as set forth above, we remanded this issue to the trial court to determine if awarding fees was appropriate and, if so, the proper amount. On remand, pursuant to the statute, the trial court awarded attorney fees incurred on appeal to counsel for plaintiffs and counsel for defendants. Because the statute at issue in *Chaille I* and *Chaille II* allowed counsel for any of the parties to be awarded attorney fees, and because we directed the trial

-8-

court to consider the propriety of awarding attorney fees on remand, we concluded counsel for plaintiffs were not estopped to seek attorney fees incurred on appeal when the case was remanded, even though only the defendants affirmatively made such a request in the first appeal. The point being, the issue of whether to award fees incurred on appeal was directed to this Court in the first instance.

We believe the most that properly can be gleaned from cases such as *Chaille I*, *Chaille II*, and *Williams*, *supra*, is that there are times when it is appropriate for a trial court to determine whether to award attorney fees incurred on appeal and, if so, in what amount. However, that decision is made only after the request is presented initially to the appellate court. When a party asks the appellate court to award attorney fees incurred on appeal, there are four results which may occur: (1) the request for fees is denied; (2) the request for fees is granted and the appellate court sets the amount; (3) the request for fees is granted and the case is remanded to the trial court to determine the amount of fees to be awarded; and (4) the attorney fee issue is remanded to the trial court to determine whether fees should be awarded and, if so, the appropriate amount. Regardless of which of these four results ensues, there is one thing that all four have in common: the issue of whether to award attorney fees for an appeal was posed initially to the appellate court and the appellate court decided how that issue would be resolved. We also note the obvious problem with Plaintiffs' position that would arise in those cases that are not remanded by the appellate court because the plaintiff did not ask for attorney fees on appeal and there exists no other reason for the appellate court to remand the case to the trial court.

We hold that when a party is seeking attorney fees incurred on an appeal, that request, absent any statute or rule directing otherwise, must be directed first to the appellate court in a timely fashion. To the extent that *Chaille II* can fairly be read to hold that such a request must initially be made to the trial court on remand, we respectfully disagree with *Chaille II's* holding. In the present case, at no time during the first appeal did Plaintiffs request an award of attorney fees incurred on that appeal. Accordingly, we reverse the Trial Court's award of $4,500 in attorney fees to Plaintiffs for fees incurred on the first appeal.[2] *See Upper Cumberland Development District v. Puckett*, No. M2002-02208-COA-R3-CV, 2004 WL 1666049, at * 15 (Tenn. Ct. App. July 21, 2004), *no appl. perm. appeal filed* (determining that a request for fees on appeal was moot when there was "no argument or specific request for an award of attorney's fees incurred on appeal."); *Cf. Cookeville Gynecology & Obstetrics, P.C. v. Southeastern Data Systems, Inc.*, 884 S.W.2d 458, 463 (Tenn. Ct. App. 1994)("While attorney's fees may be recovered by a prevailing party when attorney's fees are provided for by statute or by contract between the parties, … defendant did not present the issue of its entitlement to attorney's fees in its issues or at oral argument. Tenn. R. App. P. 13(b) provides in part that 'review generally will extend only to those issues presented for review.' Since the issue of attorney's fees, while referred to in the brief, was not presented as an issue, we decline to consider that issue.")(citations omitted in part).

---

[2] Surprisingly, Plaintiffs do not request attorney fees incurred on the present appeal and, therefore, we need not delve into that issue.

The final issue before us is whether the Trial Court erred when it awarded only $2,000 in attorney fees related to the preparation and jury trial of this case. When making its ruling, the Trial Court discussed the various factors in DR 2-106, *supra*. The Trial Court stated, *inter alia*:

> This was not a difficult case. The defendant admitted the facts as the jury found them and [that] didn't change throughout the entire [case]….
>
> The Court finds that… [Plaintiffs' lawyers] are good lawyers. I think they spent too much time, way in excess of what was necessary under the facts of this case. I think the case should have been resolved a whole lot sooner without going to trial, except we want to take a shot at attorney's fees under the Consumer Protection Act, we want to take a shot at punitive damages, make some money. That is what the Court finds the facts are when I'm considering awarding this fee.

The Trial Court then determined that the second factor in DR 2-106 had no practical application to this case. With regard to the third factor, the Trial Court indicated that even though Plaintiffs' counsel accepted the case on an hourly basis, the typical situation would involve a contingency fee or a fee based solely on what is awarded by the trial court. The fourth factor involves the amount involved and the results obtained. According to the Trial Court, Plaintiffs did succeed on their TCPA claim, but the pertinent facts "were stipulated before we started." The Trial Court also pointed out that Plaintiffs were unsuccessful on their claim that there was a knowing and willful violation of the TCPA, and were unsuccessful on their claim for punitive damages. Discussing the sixth and eighth factors, the Trial Court stated:

> The nature and length of the professional relationship. That might affect what you're awarded in fee in this case. The reason for that is I understand what I have been told the fee arrangement is, these clients were obligated to pay these lawyers a seventeen thousand dollar fee for getting them a twenty-five hundred dollar verdict. I have been told their fee is an hourly fee. That might affect the nature and length of the relationship between client, and that is a factor that I think I have to consider.

With regard to the seventh factor, the Trial Court stated that both of Plaintiffs' attorneys were qualified, competent, and experienced, with a "great ability and reputation." After discussing the pertinent factors, the Trial Court awarded $2,000 of the requested $9,718.

It seems odd that the Trial Court considered $4,500 a reasonable fee for the first appeal, but only $2,000 was reasonable for taking the case all the way through a jury trial. It is a rare case when the reasonable attorney fees for taking a case through one level of appeal would be 225%

-10-

of the reasonable trial court level attorney fees, especially when there is a jury trial.[3] If an attorney unreasonably prolongs a case in the hopes of hitting the jackpot with punitive damages or the like, such conduct may be a factor to consider when awarding attorney fees. We are not, however, willing to hold that the possibility of receiving punitive damages or the like is not a legitimate factor to be considered by a plaintiff in arriving at a decision as to whether to accept a defendant's settlement offer. In any event, however, we think the Trial Court placed too much emphasis on that particular point in this particular case. The reason for this is that Defendant never made any *monetary* settlement offer which, as noted in the first appeal, is exactly what it was going to take to end this litigation prior to trial. Absent a monetary settlement offer by Defendant, this litigation was destined to go to a jury regardless of whether Plaintiffs pursued a punitive damages claim, etc.

We conclude that the evidence does not preponderate against the Trial Court's findings and ultimate conclusion that Plaintiffs' requested attorney fees were excessive because too much time was spent by the attorneys. However, we do believe that the facts preponderate against the Trial Court's holding that only $2,000 in fees was a reasonable amount for work performed at the trial court level. In arriving at our decision, we find it particularly telling that the expert affidavits submitted by Defendant, all by well qualified attorneys, opined that the requested fees were excessive and unreasonable but neglected to state the amount of fees Defendant's affiants believed would have been reasonable. Applying all the relevant factors in DR2-106 in light of the clear legislative intent of the TCPA, we believe an appropriate fee to award Plaintiffs for their attorney fees at the trial court level is $6,500. The judgment of the Trial Court is so modified.

## Conclusion

The judgment of the Trial Court is reversed in part and affirmed in part as modified. This cause is remanded to the Trial Court for collection of the costs below. Exercising our discretion, costs on appeal are taxed to the Appellee, Ted Russell Ford Inc.

_____
D. MICHAEL SWINEY, JUDGE

---

[3] Permission to appeal the decision of this Court on the first appeal was denied by the Tennessee Supreme Court on May 5, 2003. Thus, the appellate court attorney fees were not increased due to full briefing and oral argument before the Tennessee Supreme Court.